## Yandrlic v. William C. Kessling Prescription Pharmacy

Plaintiff Philip Yandrlic filed a notice of complaint on March 14, 1978, against defendant William C. Kessling Prescription Pharmacy, hereinafter referred to as Kessling, and defendant Eaton Laboratories, Inc., hereinafter referred to as Eaton.

In a complaint filed on May 22, 1978, plaintiff alleges that three physicians who are not parties to this action prescribed a drug known by its registered trade name of Macrodantin for him to take. The prescription was allegedly manufactured by Eaton and filled by Kessling. Plaintiff contends that his injuries were caused by Eaton's negligent manufacture of Macrodantin and Kessling's negligent filling of the prescription.

Eaton filed preliminary objections to plaintiff's complaint on June 5, 1978. Two of the objections concern the lack of jurisdiction over the person of Eaton because of improper service of process. Eaton has since conceded that it was properly served. The remaining objection involves the assertion that the arbitration panels do not have jurisdiction over it because neither defendant is a health care provider. Kessling joined in this objection on June 8, 1978, and adopted Eaton's memorandum.

Eaton and Kessling contend that the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq., hereinafter referred to as the act, confers jurisdiction upon the arbitration panels over nonhealth care providers only under limited circumstances. Section 309 of the act provides that "the arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider *who is made a party defendant with a health care provider.*" Act §309, 40 P.S. §1301.309. (Emphasis added.) Thus, it is the clear intention of the act to require that a health care provider be a party defendant in order for the arbitration panels to obtain jurisdiction over a nonhealth care provider.

The term "health care provider" is defined in Section 103 of the act, 40 P.S. §1301.103:

". . . a primary health center or a person, corporation, facility, institution or other entity licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, an osteopathic physician or surgeon, a podiatrist, hospital, nursing home . . ."

It is clear that neither Eaton, a drug manufacturer, nor Kessling, a pharmacy, are within this definition of "health care provider." Because the act requires that a health care provider be a party defendant in order to establish jurisdiction before the arbitration panels, and no health care provider is a party defendant, the arbitration panels lack jurisdiction over the subject matter in the instant case.

In their preliminary objections, both Eaton and Kessling move to dismiss plaintiff's complaint. Therefore we enter the following

## ORDER

And now, November 10, 1978, in consideration of the preliminary objections of defendant Eaton Laboratories, Inc., and William C. Kessling Prescription Pharmacy, defendant Eaton's memorandum in support thereof and defendant Kessling's adoption of defendant Eaton's position, we hereby order and decree that defendants' preliminary objection be sustained and unless good cause is shown within 20 days from the date this order is certified from the record, this action shall be transferred to the court of appropriate jurisdiction at the cost of plaintiff pursuant to Pa.R.C.P. No. 213(f).